**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DILBAG SINGH,<br><br>          Petitioner,<br><br>  v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>          Respondent. | No.   13-73190<br><br>Agency No. A089-697-512<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2016[**]
San Francisco, California

Before: BEA and IKUTA, Circuit Judges, and RESTANI,[***] Judge.

Dilbag Singh, a citizen of India, petitions for review of an order of the Board

of Immigration Appeals ("BIA") denying his application, and the application of his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

wife Lakhwinderjit Kaur as a derivative petitioner, for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the Immigration Judge's ("IJ") adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Tamang v. Holder*, 598 F.3d 1083, 1093–94 (9th Cir. 2010).[1] The IJ and BIA identified numerous, substantial inconsistencies between Singh's testimony and Kaur's testimony, Singh's testimony and his declaration, and Singh's testimony and other documentary evidence in the record. In the absence of credible testimony, Singh and Kaur cannot meet their burden of establishing past persecution or a well-founded fear of future persecution required for their asylum and withholding of removal claims. *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). Therefore, substantial evidence supports the BIA's determination that Singh and Kaur are not eligible for asylum or withholding of removal. *Id.*

Substantial evidence also supports the BIA's determination that, given Singh's slight connection to the Akali Dal Mann and the improved conditions for

---

[1] The REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231, applies because Singh filed his affirmative asylum application in 2008, well after May 11, 2005, the effective date of the Act. *See Aden v. Holder*, 589 F.3d 1040, 1044 n.6 (9th Cir. 2009).

Sikhs in India, Singh and Kaur failed to establish that it was more likely than not that they would be subjected to torture if returned to India. Therefore, Singh and Kaur are not entitled to relief under the Convention Against Torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033–35 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**